## Richmond

## LEWIS J. LANDIS V. COMMONWEALTH OF VIRGINIA

March 3, 1978.

Record No. 770631.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Curtis M. Coward* for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

Per Curiam.

Convicted by a jury of maliciously wounding his infant daughter, the defendant, Lewis J. Landis, was sentenced in

accordance with the jury's verdict to a term of 15 years in the penitentiary. The defendant seeks reversal, contending that the trial court erred in excluding from evidence the proffered expert opinion of a psychologist called as a witness by the defense.

The witness in question, Philip Stover, was director of counseling and testing and assistant professor of psychology at Liberty Baptist College in Lynchburg, where the defendant was a student. Stover had counseled the defendant on four occasions in September, 1976, concerning admitted instances of abuse by the defendant of his six-month-old daughter, Sarah Landis.

On October 12, 1976, Sarah was admitted to a Lynchburg hospital in critical condition, suffering from multiple fractures of the skull, ribs, arms, and legs, with partial paralysis of the right side of the body. Later the same day, the defendant appeared at Stover's home and "related . . . that he had beat his baby and that he was not sure whether [she] would live." Stover and the defendant discussed the matter for some time. Subsequently, Stover took the defendant to the police department, where the defendant confessed that he had beaten his child.

At trial, the defense called as expert witnesses a psychologist who had treated the defendant in the United States Air Force and a psychiatrist who had examined the defendant pursuant to court order. Each of these witnesses expressed the opinion that the defendant suffered from paranoid schizophrenia and, as a result, had acted upon an irresistible impulse in beating the child on October 12. When the defense called Stover as a witness, however, the trial court refused to permit him to express a similar opinion. The court ruled that Stover did not have "sufficient experience and training to be able to diagnose mental illness in other persons." Stover was permitted to testify to what he had observed factually concerning the defendant.

The record shows that Stover held a master's degree in counseling psychology from Rose-Meade Graduate School in Los Angeles, California, and that he was a candidate for a doctoral degree in the same discipline from the same school. Stover had served for "a full year" as an "Intern School Psychologist," dealing with learning disabilities in early primary grades. He had spent an undisclosed period "doing diagnostic work" as a "Supervisor in Internship" at a California state hospital. Stover had worked also as a counselor at the Rose-Meade Counseling

Service, and he had "done ... approximately two hundred ... hours of radio broadcast covering emotional and psychological problems."

Stover was not a "Certified Psychologist" or "by law ... a Clinical Psychologist." He had not "testified as an expert witness before."

The defendant argues that Stover should have been permitted to express his expert opinion that the defendant had acted upon an irresistible impulse in beating his child. Stover's qualifications as an expert were established, the defendant says, and his observations on the very day of the beating constituted the most probative evidence available on the issue of the defendant's mental condition. Thus, the defendant asserts, the trial court committed prejudicial error in excluding Stover's expert testimony.

To support his position, the defendant relies upon *Rollins* v. *Commonwealth*, 207 Va. 575, 151 S.E.2d 622 (1966). There, we held that the trial court had not erred in permitting a psychologist to testify, on behalf of the prosecution, that the accused did not suffer from a mental illness. The witness in *Rollins*, in addition to holding a master's degree in psychology, was a clinical psychologist with eleven years of practical experience, eight and one-half of which he had spent as chief psychologist at Southwestern State Hospital. He had completed all requirements for his doctoral degree, and he had written his thesis upon the subject, "Prognosis in Schizophrenia." He had participated in the staff conferences at Southwestern State, in which the final diagnosis was made in all criminal cases. His opinion had been part of the final diagnosis in approximately 2,000 cases. He had testified as an expert in Virginia courts some forty times. He had interviewed and examined Rollins, the accused, five times, administering numerous tests, one lasting 2 hours and 10 minutes.

Observing that whether a psychologist is competent to express an opinion on the presence or absence of mental illness "must depend upon the nature and extent of his knowledge," we found that the testimony of the psychologist in *Rollins* indicated a broad knowledge of the accused and his history. This, coupled with the psychologist's training and experience, we said, qualified the witness as an expert.

Here, Stover's training and experience fall far short of the general qualifications exhibited by the psychologist in *Rollins.* Furthermore, Stover's knowledge of the defendant, specifically, was limited, confined to information secured in a pastoral, rather than a psychological, setting; Stover, an ordained minister, admitted that his counseling of the defendant was "more ... in religious terms than in psychological." And, importantly, Stover did not conduct any psychological tests of the defendant.

Whether a witness should be permitted to express an opinion as an expert is a question within the sound discretion of the trial court, and we will not reverse a decision to exclude a proffered expert opinion unless it appears clearly that the witness was qualified. *Jordan* v. *Commonwealth,* 207 Va. 591, 598, 151 S.E.2d 390, 395 (1966). Given the record of Stover's training and experience and of his knowledge concerning the defendant, we cannot say that the witness was so clearly qualified that it was an abuse of discretion to exclude his proffered opinion. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*